UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROMAN FRENCH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICHARD BROWN, )<br>)<br>Respondent. ) | No. 2:20-cv-00053-JRS-MJD |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Roman French's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case WVE 19-10-0007. For the reasons explained in this Entry, Mr. French's petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

WVE 19-10-0007 began with the following conduct report, written October 2, 2019, by Officer Walker:

> On 10/2/19 at approximately 5:40 pm I c/o Walker, and c/o Banta were conducting a targeted cell search of 110. Upon searching cell 110, 14 pieces of metal approximately 2 ½ inches long with an edge and point were found in multiple articles of legal mail with offender French, Roman DOC 900271 on the folders. During the cell search offender French stated "I've got a couple metal blades in my paperwork" after a few pieces of metal were already discovered. Offender French, Roman # 900271 and offender Scott, Antonio # 952678 both reside in cell 110.

Dkt. 9-1. Photographs of the confiscated items indicate that they consisted of disassembled fan parts. Dkt. 9-2.

On October 7, 2019, Mr. French received notice that he was charged with violating Code 106, Possession of Dangerous/Deadly Contraband/Property. Dkt. 9-4. Mr. French requested to present testimony from Officer Walker. *Id.* at 2–3. Specifically, he wished to challenge Officer Walker's measurement of the blades, ask whether inmates commonly modify fan plates to make "hot water stingers," and assert that Officer Walker modified the fans to frame him. *Id.* Mr. French also asked to review and present security video of the search, pictures of the seized items, and a statement from his cellmate. *Id.* Mr. French indicated he would present evidence that Officer Walker found some of the seized items in a previous search, placed them on the desk in Mr. French's cell, and then included those items in the conduct report even though he placed them there. *Id.* at 5.

WVE 19-10-0007 proceeded to a disciplinary hearing on October 22, 2019. Dkt. 9-7. The hearing officer found Mr. French guilty of violating Code 228, Possession of Altered Property. *Id.* Mr. French presented a lengthy, written statement in his defense, arguing that he only modified the fans into hot water stingers and not into weapons. *Id.* at 2. The hearing officer found Mr. French

guilty after reviewing the conduct report, pictures of the confiscated items, video of the search, and statements from several witnesses. *Id.* at 1.

The hearing officer assessed sanctions, including the loss of 90 days' earned credit time and a demotion in credit-earning class. *Id.* Mr. French appealed the decision, and the Facility Head modified the charge to a violation of Code 215, Unauthorized Possession of Property. Dkt. 9-12. The Facility Head did not modify Mr. French's sanctions. *Id.* Mr. French's second-level appeal was denied. Dkt. 9-13.

### III. Analysis

Mr. French asserts numerous challenges to his disciplinary conviction. None warrant habeas relief.

**A.   Imposition of Suspended Sanction in Subsequent Case**

In addition to the credit-time sanctions discussed above, the hearing officer sanctioned Mr. French with three months in disciplinary segregated restrictive housing—but that sanction was suspended. Dkt. 9-7. Mr. French asserts that the suspended sanction was wrongly enforced in a subsequent disciplinary proceeding. Dkt. 3 at 1. Whether the prison staff rightly or wrongly sanctioned Mr. French in a *different* action is irrelevant to the question of whether Mr. French received due process in WVE 19-10-0007. This challenge is not a basis for habeas relief.

**B.   Sufficiency of Evidence**

Mr. French argues that no evidence supports his conviction for violating Code 215. Code 215 prohibits the "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." Dkt. 9-14 at § 215. Mr. French argues that he was authorized to possess a fan in his cell and took it apart because it was broken. Dkt. 3 at 3–4.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. French's argument demonstrates that sufficient evidence supported his disciplinary conviction. Mr. French acknowledges that he possessed a fan and that he altered it by disassembling it. The record is full of evidence—most notably, the conduct report and Officer Walker's statement (dkt. 9-11 at 2)—that Mr. French was not authorized to alter the fan by disassembling it or to possess the fan parts after he altered the fan by disassembling it. The evidentiary basis for Mr. French's disciplinary conviction satisfied due process.

**C.     Denial of Evidence**

Mr. French asserts that his requests for additional witness statements, pictures of the fan parts, and measurements of certain fan parts were not satisfied. Mr. French states that this evidence would show that the fan parts were "made how [the officers] found them[,] not altered as a weapon." Dkt. 3 at 2–3.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*,

4

and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). As the petitioner, Mr. French faces the burden of establishing that the evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Mr. French has not demonstrated that the additional statements, pictures, and measurements he requested would have been material and exculpatory. Indeed, his own petition again indicates the opposite. Mr. French argues that additional evidence would have shown that he did not alter the fan parts to use them as weapons—but that is not the offense for which he was punished. Mr. French acknowledges that he took apart a fan and possessed its component parts in their disassembled form, and this is the conduct for which he was punished. Whether he further modified the fan parts for use as a weapon is irrelevant.

**D.      Providing Evidence Less than 24 Hours Before Hearing**

Mr. French argues that the prison staff denied him due process by failing to provide him with certain evidence until the day before—and, in some cases, the day of—his disciplinary hearing. He is incorrect.

Due process requires that an inmate be given advance "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. This notice must be issued at least 24 hours before the hearing. *See id.* ("At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance . . . ."). "The notice should inform the inmate of the rule allegedly

5

violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted).

Due process entitled Mr. French to receive written notice of his charge and a summary of the underlying facts 24 hours before his hearing. The 24-hour notice requirement does not extend to evidence. By providing Mr. French adequate notice of the charge more than 24 hours before the hearing, the prison staff afforded him all the process he was due.

### E. Impartial Decisionmaker

Mr. French asserts that he was denied his right to be heard by an impartial decisionmaker. A prisoner in a disciplinary action has the right to be heard by an impartial decision-maker. *Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "[T]he constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. French asserts two arguments that implicate the impartiality of his hearing officer. First, he alleges that the hearing officer deliberated with Counselor Woosley, Officer Pine, and Sergeant Chambers throughout the hearing. However, he does not assert that any of the three were involved in searching his cell or that they played any substantial role in the matter. Indeed, the evidence shows they did not. Officer Pine's name appears nowhere in the record. It appears that Counselor Woosley accepted an evidence request from Mr. French, copied it, and forwarded it to another officer. *See* dkt. 9-4. Sergeant Chambers signed the conduct report as Officer Walker's

6

immediate supervisor. Dkt. 9-1. These individuals' minimal involvement in the hearing is not clear evidence of bias.

Second, Mr. French argues that the hearing officer should have recused herself from this proceeding because, at the time of the hearing, (a) Mr. French had two grievances and a complaint to the ombudsman pending against her, (b) she had previously found Mr. French guilty of multiple charges that were later vacated or reduced, (c) Mr. French had accused her several times of being biased against him, and (d) she admitted that she did not like him. Dkt. 3 at 4–5. These are not grounds for habeas relief. *See, e.g.*, *Piggie*, 342 F.3d at 666 (Hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding."). Mr. French has not overcome the presumption that the hearing officer conducted the proceeding with honesty and integrity.

**F.      Excessive Sanctions**

Finally, Mr. French asserts that the hearing officer violated Indiana Department of Correction (IDOC) policy by imposing the maximum sanctions allowed under the policy instead of utilizing "progressive discipline." Dkt. 3 at 4. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less

7

warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

The prison staff's decision not to apply progressive discipline—or, for that matter, its deviation from any other IDOC policy—did not deprive Mr. French of due process, and it cannot justify habeas relief.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. French's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. French's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/4/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

ROMAN FRENCH
900271
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov